**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GEORGE MOORE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>LIGHTHOUSE INSURANCE GROUP, LLC and DOES 1-10,<br><br>    Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

Now comes the Plaintiff, GEORGE MOORE, individually and on behalf of all others similarly situated, and by and through his attorneys, and for his class action Complaint against the Defendants, LIGHTHOUSE INSURANCE GROUP, LLC ("LIG") and DOES 1-10, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENTS**

1. This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, resulting from the illegal actions of Defendants, in negligently, knowingly, and/or willfully placing through its agent(s), sales, solicitation, and/or other telemarketing calls to Plaintiff's residential telephone number, in violation of the TCPA and related regulations, specifically the National Do-Not-Call Registry and internal do-not-call provisions of 47 C.F.R. 64.1200(c) and (d), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. According to the Federal Communications Commission's website, accessed on February 28, 2020 at https://www.fcc.gov/consumers/guides/stop-unwanted-robocalls-and-texts:

> The national Do Not Call list protects landline and wireless phone numbers. You can register your numbers on the national Do Not Call list at no cost… Telemarketers must remove your numbers from their call lists and stop calling you within 31 days from the date you register. Your numbers will remain on the list until you remove them or discontinue service – there is no need to re-register numbers.

3. The TCPA was designed to prevent telephone calls like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate and similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on the TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

2

6. Persons, like Plaintiff herein, have no control to stop unsolicited telemarketing calls placed to them, whether automated or otherwise.

7. Plaintiff and the members of some of the proposed classes defined below received telemarketing calls placed to their telephones, placed by or on behalf of Defendant LIG, which were made without the prior express consent of the recipients of said calls.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

9. This Court has general personal jurisdiction over Defendants because they are actively engaged in selling their products and services throughout Illinois and the United States.

10. This Court has specific personal jurisdiction over Defendants because they caused the telephone calls at issue in this case to be placed to Plaintiff, who lives in Illinois, at a telephone number bearing an Illinois area code.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

12. Plaintiff is an individual who was at all relevant times residing in the City of Carol Stream, County of DuPage, and State of Illinois.

13. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

14. On information and belief, Defendant LIG is a limited liability company of the State of Florida, which is not registered with the Secretary of State to do business in Illinois, and whose principal place of business is located in Independence, Ohio.

15. On information and belief, at all times relevant hereto, Defendants were engaged in the marketing and sale of various insurance products and services.

16. LIG is a "person" as defined by 47 U.S.C. § 153(39).

17. The true names and capacities of the Defendants sued herein as DOES 1-10 are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a Doe is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend his complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

18. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTS COMMON TO ALL COUNTS

19. On or about July 6, 2003, Plaintiff successfully registered his residential telephone number ending in -1188 with the National Do-Not-Call Registry.

20. During or about July of 2019, Defendants began placing unsolicited telemarketing telephone calls to Plaintiff.

21. Plaintiff has not previously sought out Defendants' services, nor has Plaintiff attempted to retrieve information from Defendants about their services. Therefore, Plaintiff did not have an established business relationship with Defendants, as defined under 16 C.F.R. § 310.4(b)(1)(iii)(B).

4

22. From on or about July 17, 2019 through on or about October 23, 2019, Plaintiff received approximately 29 unsolicited telemarketing telephone calls from Defendants.

23. For example, on July 31, 2019, Plaintiff received calls from numbers which displayed on his caller ID as (630) 809-3212 and (630) 339-7210.

24. When Plaintiff answered Defendants' calls, he heard a noticeable pause followed by a loud "bloop" sound before a representative came on the line.

25. Both times, the representative stated that he/she was with "Lighthouse Insurance Group" and calling regarding a health insurance quote.

26. Plaintiff was not interested in the services being offered.

27. However, the calls continued thereafter.

28. On or about September 6, 2019, Plaintiff called the telephone number back which appeared on his caller ID in an effort to confirm the identity of the company that had been calling him.

29. On or about September 7 and 8, 2019, Plaintiff emailed LIG, asking LIG to provide documentation showing he requested to receive these telemarketing calls, along with a copy of LIG's written do-not-call policy, and indicated that he wished to no longer be contacted.

30. LIG did not provide the documentation requested by Plaintiff in his emails.

31. Furthermore, on or about October 23, 2019, Plaintiff received an additional telemarketing call from Defendants.

32. Plaintiff never gave Defendants his prior express invitation or permission to receive their telemarketing calls, nor did he have an established business relationship with Defendants.

33. Defendants' unsolicited telemarketing calls were a nuisance to Plaintiff.

34. As a result of Defendants' acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a. Invasion of privacy;

    b. Intrusion upon and occupation of the capacity of Plaintiff's telephone line;

    c. Wasting Plaintiff's time; and

    d. Aggravation, inconvenience, frustration, emotional distress, and similar categories of damages.

## CLASS ALLEGATIONS

35. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the following proposed class (the "National Do-Not-Call Class") defined as follows:

> All residential telephone subscribers within the United States:
> a) whose telephone numbers were registered on the National Do-Not-Call Registry for at least 30 days,
> b) who had not granted Defendants prior express consent nor had a prior established business relationship with Defendants, or who had revoked such consent and prior established business relationship,
> c) who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services,
> d) within any 12-month period, and
> e) within four years prior to the filing of this Complaint through the date of class certification.

36. Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the following proposed class (the "Internal Do-Not-Call Class") defined as follows:

> All residential telephone subscribers within the United States:
> a) who had not granted Defendants prior express consent nor had a prior established business relationship with Defendants, or who had revoked such consent and prior established business relationship,
> b) who requested that Defendants not place calls to them for telemarketing purposes,

6

      c)    who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services more than 30 days after the date such request was made,
      d)    within any 12-month period,
      e)    within four years prior to the filing of this Complaint through the date of class certification.

37. Defendants, their employees and agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the Classes' members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

38. The Classes are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of the Classes' members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Classes include hundreds, if not thousands of members. Plaintiff alleges that the Classes' members may be ascertained by the records maintained by Defendants.

39. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Classes are so numerous that joinder of the Classes' members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

40. There are questions of law and fact common to the Classes affecting the parties to be represented. The questions of law and fact common to the Classes predominate over questions which may affect individual members of the Classes and include, but are not necessarily limited to, the following:

      a.    Whether the Classes' members' residential telephone numbers were called by Defendants without Defendants having obtained prior express consent

7

or an established business relationship which would allow them to place such calls;

b. Whether the National Do-Not-Call Class members' telephone numbers were called by Defendants more than 30 days after they registered such numbers on the National Do-Not-Call Class registry;

c. Whether the Internal Do-Not-Call Class members' telephone numbers were called by Defendants more than 30 days after the date the members requested their numbers be added to Defendants' internal do-not-call list;

d. Whether Defendants had a written policy, available upon demand, for maintaining an internal do-not-call list;

e. Whether Defendants violated the TCPA, 47 U.S.C. § 227, *et seq.*, by placing telephone calls to the National Do-Not-Call Class members without proper consent or an established business relationship; and

f. Whether Defendants violated the TCPA, 47 U.S.C. § 227, *et seq.*, by placing telephone calls to the Internal Do-Not-Call Class members without proper consent or an established business relationship.

41. As a residential telephone subscriber who received telephone calls, made by or on behalf of Defendants, without his prior express consent, after his telephone number was registered on the National Do-Not-Call Registry for at least 30 days, within four years prior to the filing of this Complaint, Plaintiff is asserting claims that are typical of the National Do-Not-Call Class.

42. As a residential telephone subscriber who received telephone calls, made by or on behalf of Defendants, without his prior express consent, at least 30 days after he requested his telephone number be added to Defendants' internal do-not-call registry, within four years prior to

the filing of this Complaint, Plaintiff is also asserting claims that are typical of the Internal Do-Not-Call Class.

43. Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Classes.

44. Plaintiff will fairly and adequately protect the interests of the members of the National Do-Not-Call Class and the Internal Do-Not-Call Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

45. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class member. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

46. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

47. Defendants have acted or refused to act in respect generally applicable to the National Do-Not-Call Class and the Internal Do-Not-Call Class, thereby making appropriate final and injunctive relief with regard to the members of Classes as a whole.

48. Defendants failed to comply with the requirements of the TCPA, including but not limited to the implementing regulations contained in 47 C.F.R. § 64.1200(c) and (d), as to the Classes' members with respect to the above-alleged transactions.

49. 47 C.F.R. § 64.1200(c)(2) provides that:

> [n]o person or entity shall initiate any telephone solicitation to…[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

50. 47 C.F.R. § 64.1200(d) provides that:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
> …
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

51. In multiple instances, Defendants called the National Do-Not-Call Class without the members' prior express consent or an established business relationship, and after the Class members registered with the federal government's Do-Not-Call registry, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(c).

52. In multiple instances, Defendants called Internal Do-Not-Call Class members who requested that Defendants not place calls to them for telemarketing purposes, more than 30 days after the date such requests were made, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(d).

53. In addition, on information and belief, Defendants have not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Defendants, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(d).

54. The size and definition of the National Do-Not-Call Class and the Internal Do-Not-Call Class can be identified through Defendants' records and/or Defendants' agents' records.

**COUNT I**
**NEGLIGENT VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227(c) and 47 C.F.R. 64.1200(c)**

55. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 54 above as if fully reiterated herein.

56. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(c).

57. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

58. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF TCPA
## 47 U.S.C. § 227(c) and 47 C.F.R. 64.1200(c)

59. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 54 above as if fully reiterated herein.

60. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(c).

61. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 in treble statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

62. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227(c) and 47 C.F.R. 64.1200(d)

63. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 54 above as if fully reiterated herein.

64. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(d).

65. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

66. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### COUNT IV
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227(c) and 47 C.F.R. 64.1200(d)

67. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 54 above as if fully reiterated herein.

68. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(d).

69. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 in treble statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

70. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a. An order certifying the National Do-Not-Call Class and the Internal Do-Not-Call Class, and appointing Plaintiff as Representative of the Classes;

b. An order certifying the undersigned counsel as Counsel for the National Do-Not-Call Class and the Internal Do-Not-Call Class;

c. An order requiring Defendants, at their own cost, to notify all of the Classes' members of the unlawful conduct herein;

d. Judgment against Defendants in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendants;

e. Judgment against Defendants in the amount of $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendants;

f. An order for injunctive relief prohibiting such conduct by Defendants in the future;

g. Judgment against Defendants for Plaintiff's court costs and other litigation costs; and

h. Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues in this action which are so triable.

RESPECTFULLY SUBMITTED,

GEORGE MOORE

By: /s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, Illinois 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com